The Honorable Jay Bradford State Senator P.O. Box 8367 Pine Bluff, Arkansas 71611
This is in response to your request for an opinion on three questions regarding Jefferson County "Appropriation Ordinance No. 1995-22." The ordinance directs the Jefferson County Clerk to pay wages and fringe benefits to Jefferson County employees on a bi-weekly basis in lieu of paying on a once-a-month basis. Your questions with regard to this ordinance are as follows:
 (1) Is Jefferson County appropriation ordinance #95-22 an appropriation ordinance under the provisions of A.C.A. § 14-14-907? If not, is the legislation valid?
 (2) Can the Quorum Court issue a directive to a constitutional officer regarding the execution of his/her constitutional responsibilities?
 (3) If the County Clerk is directed to change existing payroll procedures to a semi-monthly or bi-weekly payroll system, should certification of services rendered be required in advance of payroll preparation to comply with the provisions of A.C.A. § 14-14-1102(2)(B)(iv)?
It is my opinion that the answer to the first part of your first question is "no." Section 14-14-907(a)(1) defines an appropriation ordinance as "a measure by which the county quorum court designates a particular fund, or sets apart a specific portion of county revenue in the treasury, to be applied to some general object of expenditure or to some individual purchase or expense of the county." Ordinance 95-22 neither designates a particular fund, nor sets apart a specific portion of revenue to be applied to an expenditure or purchase. It is therefore my opinion that it does not meet the definition of an "appropriation ordinance" under A.C.A. § 14-14-907. See Op. Att'y Gen. 91-126.
The second part of your first question is whether this fact renders the ordinance invalid. It is not so much the misnomer of the ordinance as an "appropriation" ordinance which may render it invalid; it is rather the different procedures required for appropriation ordinances as opposed to other ordinances which might call into question its validity. For example, appropriation ordinances may be enacted without separate readings prior to passage. A.C.A. § 14-14-907(d). Other ordinances of a general and permanent nature shall be fully and distinctly read on three different days unless there is a vote to dispense with the requirement. A.C.A. § 14-14-905(c). In addition, appropriation ordinances are effective immediately upon passage and approval by the county judge. A.C.A. § 14-14-907(f). Other ordinances (except emergency ordinances) are not effective until thirty calendar days after publication. A.C.A. §14-14-905(e). Thus, if Ordinance 95-022 was not separately read in accordance with A.C.A. 14-14-905(c), it is subject to challenge. In addition, because the ordinance is not an appropriation ordinance, and is not an emergency ordinance, it cannot become effectively immediately as is stated in Article II thereof.[1]
Your second question cannot be answered without regard to specific facts. The duties of county constitutional officers are set out in the "County Government Code." Certain actions of the county quorum court, if impermissibly encroaching on the powers of a county executive officer, could give rise to a separation of powers violation. See A.C.A. §14-14-502(b) and Op. Att'y Gen. 89-206. If you are inquiring, however, as to whether the county quorum court can issue a directive to a constitutional officer (i.e. the county clerk) regarding his or her duty to issue payroll on a bi-weekly basis, it is my opinion that the answer to your question is "yes." Section 14-14-805 of the Arkansas Code delineates the powers denied to counties. It enumerates several areas of law which are not within the power of counties, but also states the following:
 However, subject to the limitations imposed by the Arkansas Constitution and state law regarding these subject areas, a quorum court may exercise any legislative authority with regard to employee policy and practices of a general nature, including, but not limited to, establishment of general vacation and sick leave policies, general office hour policies, general policies with reference to nepotism, or general policies to be applicable in the hiring of county employees. Legislation promulgated by a quorum court dealing with matters of employee policy and practices shall be applicable only to employees of the county and shall not apply to the elected county officers of the county. Legislation applying to employee policy practices shall be only of a general nature and shall be uniform in application to all employees of the county. The day-to-day administrative responsibility of each county office shall continue to rest within the discretion of the elected county officials. . . ."
It is my opinion that this section would authorize the quorum court to enact legislation on the frequency of payroll of county employees, as long as such legislation is uniform in application to all employees of the county.
In response to your third question, I am uncertain exactly as to what is meant by the phrase "certification of services rendered." The statute you cite, A.C.A. § 14-14-1102(2)(B)(iv) (presumably (b)(2)(B)(iv)), provides that before approving any voucher for the payment of county funds, the county judge or his designated representative shall determine that, among other things, "the goods or services for which expenditure is to be made have been rendered and the payment thereof has been incurred in a lawful manner and is owed by the county." This provision, in my opinion, would prohibit the approval of payroll prior to the completion of work for which it is issued. It would not necessarily preclude "preparation" of the payroll prior to this date, but would require the work to have been performed prior to the county judge approving any vouchers under A.C.A. §14-14-1102. This requirement, however, would not appear to operate any differently with respect to bi-weekly payroll than it operates with regard to monthly payroll, the only requirement being that the vouchers cannot be approved until the work has been performed.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] The ordinance, despite this provision, states in Article I that "the first pay period to be effective April 14, 1995."